UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT JAMES DAVIS,<br><br>    Defendant. | Case No. 12-cr-40100-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Robert James Davis' motion for transcripts of his November 20, 2012,[1] final hearing in which the Court revokes his supervised release and sentenced him to serve 60 months in prison (Doc. 19). He says he wants to file a post-conviction proceeding seeking a reduction in his sentence based on recent court decisions (he does not say which decisions). He also asks for appointment of counsel for his post-conviction proceeding.

**I.    Transcript**

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollum*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection).

Davis has not made the showing this Court requires before it will order a transcript to be

---

[1] Roberts asks for the transcript of hearings held on November 21 and 27, 2012, but no hearings were held on those days.

prepared for him free of charge. First, Davis has failed to provide sufficient evidence that he is indigent and cannot pay for the transcript he requests. He has submitted no documentation of the current status of his finances. Therefore, he has failed to satisfy the first requirement.

Secondly, and more importantly, the defendant has no pending matter before this Court. This Court, therefore, is unable to certify that he is pursuing a matter that is not frivolous or that transcripts are needed to decide the issue or issues presented by such a matter. *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998) (*per curiam*) (motion for free transcript not ripe until filing of § 2255 challenge to sentence); *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (*per curiam*) (denial of transcript justified prior to filing of § 2255 challenge to sentence). If, at some point, the defendant should have an action pending before this Court, he may resubmit his request for a free transcript. At such time, the defendant will have the burden to establish (1) that he is indigent (such as by submitting an affidavit and a record of his prison trust fund account for the last six-months), and (2) that the transcripts are needed to decide a pending non-frivolous motion.

For the foregoing reasons, the Court will deny Davis' request for a free copy of his transcript.

## II.    Appointment of Counsel

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually

consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Davis has not even attempted to show that he is indigent, that he has made attempts to obtain counsel or has been precluded from doing so, or that he is not competent to litigate a post-conviction proceeding himself.   In the absence of such showings, the Court declines to appoint counsel for Davis.

For the foregoing reasons, the Court **DENIES** Davis' motion (Doc. 19).

**IT IS SO ORDERED.**
**DATED: September 20, 2013**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**